IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

THE STATE OF WASHINGTON,

          Respondent,

    v.

RICHARD WILLIAM JOYNER,

          Appellant.

No. 86063-1-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — A jury convicted Richard Joyner of robbery in the first degree, burglary in the first degree, and kidnapping in the first degree, each committed with a firearm. The court imposed a 510-month sentence that includes three consecutive 120-month firearm enhancements.[1] Joyner appealed.

Recently, our Supreme Court foreclosed Joyner's sole argument on appeal when it declined to overrule *State v. Brown*, 139 Wn.2d 20, 29, 983 P.2d 608 (1999), which held that sentencing courts lack discretion to depart from sentencing guidelines with respect to mandatory enhancements. *State v. Kelly*, __ Wn. 3d __, 561 P.3d 246, 259 (2024) (declining to overrule *Brown,* based on a lack of showing that its statutory interpretation is incorrect and "where the legislature has acquiesced in this court's decision, and we respect stare decisis principles"). Joyner's challenge to the imposition of mandatory firearm enhancements, contingent on the reversal of *Brown*, fails.

---

[1] The sentencing enhancements were double the normal length as required by RCW 9.94A.533(4)(d) because of Joyner's previous conviction that included a deadly weapon enhancement.

Joyner has filed a statement of additional grounds for review. He appears to contend (1) his arrest was unlawful based on "Booking paperwork" that incorrectly identifies the location and timing of his arrest, (2) the State altered certain photographs of a co-participant that were admitted into evidence without objection, and (3) insufficient evidence supports his convictions. As to the first two contentions, Joyner does not adequately inform us of the nature and occurrence of errors that effect the validity of his convictions or that would require reversal. RAP 10.10(c). Accordingly, we will not consider these claims.

Evidence is sufficient to support a guilty verdict if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could find that all of the elements of the crime charged were proven beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). A defendant challenging the sufficiency of the evidence admits the truth of the State's evidence, and we draw all reasonable inferences in favor of the State. *Id.* at 265-66. We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of evidence. *State v. Ague-Masters*, 138 Wn. App. 86, 102, 156 P.3d 265 (2007).

Joyner contends the evidence was insufficient because, among other reasons, the State relied on unspecified hearsay information; the victim was unable to positively identify him; he is not as tall as the perpetrator described by the victim; he denied entering the victim's apartment; there was a second, unrecovered GPS tracker potentially worn by an unknown individual; and there was a legitimate reason, apart from guilt, for him to send a text message warning that police had arrived. Joyner's claim relies on a selective and subjective interpretation of the evidence. He ignores the

undisputed facts that he knew the other individuals involved and was with them at the apartment complex where the crimes occurred and at other locations throughout the night in question, including a location where the victim's credit card was used. Joyner does not acknowledge that his DNA was recovered from zip ties used to tie the victim or that the jury had the opportunity to evaluate video footage recorded during the crimes and the credibility of his trial testimony. When the evidence is viewed in a light most favorable to the State, with all reasonable inferences drawn in its favor, sufficient evidence supports Joyner's convictions.

Affirmed.


FOR THE COURT:


_Birk, J._


_Díaz, J._


_Coburn, J._